Evans, J.
delivered the opinion of the Court.
The plaintiffs purchased the land at sheriff’s sale in October, 1846. They sued out- their writ in trespass to try titles against the defendants immediately after. The sheriff’s deed, made in consequence of the sale, was dated 14th October, 1847, about a year after the commencement of the action. The question is, can the action be sustained ? In the action of trespass to try title, as well as in other actions, the question always is — had the plaintiff a cause of action when the suit was commenced ? — No action lies except for some infraction of legal right or the omission of some legal duty; and how can it be said, in the usual language of the writ, that the defendant with force and arms entered the close of the plaintiff and him therefrom did eject, &c., when the plaintiff was not at that time the owner of the land? unless the sheriff’s sale, without a deed, will operate to transfer to the purchaser the legal estate in the land. In Holmes v. McMaster, the Court of Equity decided that the title of a purchaser at sheriff’s *192 sale should be Referred to the date of his conveyance and not (to the day of sale. This seems to me to be an inevitable conclusion from legal principles. Until the deed is made, the title is inchoate. 'It is merely executory. No legal estate passes. It is at best but an equitable title, and I presume it has never been supposed that a possessory action could be brought on a mere equitable title. By the 45th sec. of the Act of 1785, it is enacted that “no conveyance of any lands, tenements or, hereditaments within this State shall pass, alter or change from one person to another, any estate of inheritance, in fee simple, &c., unless the same be in writing, signed, sealed and recorded.” This Act must apply as well to transfers of real estate made by the sheriff as to other conveyances. The sheriff is the agent appointed by law to sell and transfer the legal estate from the debtor to the purchaser. In investigating a title derived from the sheriff it is the daily practice to refer to the levy and sale book, not as constituting the title to the land, but to ascertain whether the sheriff has conveyed the land he levied on and sold. For the same purpose, in a case where the deed was made under a power of attorney, we would look to the power to know if the agent had authority to convey the land in dispute. But it is supposed this case is settled by the case of McCall v. Campbell, and the case of Kingman v. Glover. In these cases the question was whether a purchaser at sheriff’s sale, who paid the purchase money and went into possession, but received no title until after he was sued, was liable for mesne profits. A question very different from that which this case presents. In the case of McCall v. Campbell it is said that when the successor of the sheriff who sold the land and received the purchase money, made the title, it should have relation to the time when the title should have been executed. This dictum was true so far as it applied to the question then before the Court. It should have relation back so as to protect Campbell from any liability for mesne profits ; but that is very far from deciding that Campbell could have brought an action to recover the land before he had any legal conveyance of the estate. In every action the question is, whether the plaintiff has such an interest as entitles him to recover when the suit was commenced. No plaintiff can recover without shewing this. Were the plaintiffs the legal owners of this land, when they sued out the writ? I think it very clear they were not; and of course they could not maintain the action. If they had gone into possession under the equitable title acquired by the sale, and the license which that gave them, and the heirs of Mark-ley had sued them, before the sheriff’s title was made, then they would have been protected from any liability for mesne profits, on the authority of the cases above cited; but they could not, as plaintiffs, demand the possession of the land *193 until they were invested with the legal estate, which can be done only by a conveyance in writing, signed, sealed and delivered by the owner, or some one authorized by law to con-' vey. I think, therefore, the nonsuit was properly ordered, and the motion to set it aside is dismissed.
7 Stat. 232.
9th vol. MS. Deeis. 117. 3 Rich. 27.
*193 The whole Court concurred.

Motion ref used.